**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CR380 CDP (SPM) |
| ) | |
| ROBERT RENO-1, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM, ORDER, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). On September 27, 2018, the United States filed a Notice to the Court of Facts Supporting the Issuance of a Show Cause Order asking that the above-named defendant's retained attorneys, Beau B. Brindley and Michael Thompson, be ordered to show cause why they should not be held in contempt of court after failing to appear at an evidentiary hearing scheduled on September 18, 2018. *See* Doc. 373. The undersigned issued a show cause order and, on November 1, 2018, consistent with the Court's order, Attorneys Brindley and Thompson filed a response to the show cause order. *See* Docs. 374, 380 & 382. On November 9, 2018, the parties appeared for a show cause hearing and for a hearing on the motion of CJA appointed counsel, Talmage Newton to withdraw as counsel of record (Doc. 375). Attorney Thompson appeared on behalf of himself and Brindley; Brindley was not in attendance. Defendant Reno appeared along with Attorney Talmage Newton.

At the time of the show cause hearing, other than offering an apology to the court, Attorney Thompson had nothing to add beyond the explanation of excusable neglect contained in his written response to the show cause order. Mr. Reno confirmed his statement on the record at the time of the September 18th evidentiary hearing that, at the time, he believed he had been abandoned by his retained counsel. However, at the show cause hearing, Reno indicated he made that statement based on a

misunderstanding of the facts. Neither Mr. Reno nor Mr. Thompson elaborated on what those facts were. Mr. Reno indicated that he wished to continue with his retained counsel even if it meant that he might be waiving any claim of ineffective assistance of counsel. When the undersigned announced her intention of finding retained counsel in contempt and ordering a penalty equal to the mileage paid to the United States' out-of-town witness, Mr. Thompson stated he would have no objection to such an order.

Based on the facts contained in the United States' Notice of Facts Supporting the Issuance of a Show Cause Order, and for the reasons stated on the record in open court at the time of the show cause hearing and set out in this Memorandum and Order, I find that Attorneys Brindley and Thompson should be held in contempt of court and, as a penalty, should be required to pay into the registry of the Court the equivalent of the mileage paid by the United States to its witness who traveled from Audrain County to attend the evidentiary hearing on September 18, 2018. I also find and recommend that CJA Attorney Talmage Newton continue as stand-by counsel. Although the role of stand-by counsel is typically reserved for cases where a defendant is proceeding *pro se*, the facts and circumstances of this case, set out in more detail below, justify appointing Mr. Newton to serve as stand-by counsel. As stand-by counsel, Mr. Newton would continue to have access to the docket and electronic filings and could, should the circumstances warrant, be well-positioned to advise Mr. Reno should he find himself, once again, at a court proceeding without counsel. I finally find and recommend that, as a further sanction, Attorneys Brindley and Thompson should be ordered to pay into the registry of the court the equivalent of any fees incurred by Mr. Newton serving as stand-by counsel.

## DISCUSSION

This Court's authority to hold any person in contempt is derived from Title 28, United States Code, Section 636(e). That Section provides, in pertinent part, that:

> **(1) In general.**--A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

- 2 -

> **(2) Summary criminal contempt authority.**--A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice. The order of contempt shall be issued under the Federal Rules of Criminal Procedure. . .
>
> **(5) Criminal contempt penalties.**--The sentence imposed by a magistrate judge for any criminal contempt provided for in paragraphs (2) and (3) shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of title 18.

*See also* Fed. R. Crim. P. 42(b) (authorizing a Magistrate Judge to "summarily punish a person as provided in 28 U.S.C. §636(e)").

"In the context of criminal contempt, willfulness means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order. Willfulness may be inferred from the evidence." In re Medlock, 406 F.3d 1066, 1071–72 (8th Cir. 2005) (internal citations omitted). A failure to appear pursuant to the Court's order may serve as the basis for a contempt finding. Id. at n.2. While an attorney's failure to appear in court, standing alone, would rarely, if ever, serve as a sufficient basis for a summary contempt order, it could serve as the basis of a contempt finding if it is part of a larger series of events suggesting a conscious disregard or willful disregard of the court's procedures. *See, e.g., In re Contempt Order,* 441 F.3d 1266, 1267-68 (10th Cir. 2006) (reversing summary contempt order issued by a magistrate judge against a special Assistant United States Attorney for being five minutes late to a pretrial detention hearing in part because the attorney's absence for the first five minutes of the hearing was not part of a larger series of events suggesting conscious disregard for the court's procedures).

Based on the record before this Court, the failure of Attorneys Brindley and Thompson to appear on September 18th is part of a larger pattern of conduct that evinces a reckless, if not conscious, disregard for this Court's orders. Attorneys Brindley and Thompson entered their appearance on behalf of Defendant Reno on April 27, 2018. At that point, the case had been pending for almost two years; they were

- 3 -

Defendant Reno's fourth set of attorneys; and Reno's court-appointed counsel, Talmage Newton, had already filed two suppression motions which were set for an evidentiary hearing on April 30, 2018. At a status hearing on April 27, 2018, Mr. Brindley stated he had been retained by Mr. Reno's family and indicated he understood that the case had been pending for a long time and that he would need to get up to speed quickly. Mr. Brindley indicated that he would be requesting a continuance of the evidentiary hearing for a period of thirty (30) days. The undersigned continued the evidentiary hearing to May 31, 2018, and subsequently granted defendant additional time until May 25, 2018, to decide whether to proceed on the existing pretrial motions or to file new motions. On May 22, 2018, defendant requested and was subsequently granted an extension of the pretrial motion deadline to June 4, 2018. The evidentiary hearing was continued to June 20, 2018.

On June 4, 2018, in compliance with this Court's order, Mr. Brindley advised in a written status report that Defendant Reno intended to proceed with the pretrial motions previously filed by court-appointed counsel Talmage Newton. (Doc. 347). Counsel noted in the report that he would be prepared to proceed at the June 20th evidentiary hearing. *Id.* However, the day before the scheduled evidentiary hearing, on June 19th, Mr. Brindley filed a motion to continue the scheduled evidentiary hearing, citing an emergency involving his pet. No explanation was offered as to why Mr. Thompson, who was also counsel of record, could not attend the evidentiary hearing. Due to a number of scheduling conflicts with both the Court's docket and defense counsel's trial schedule, the evidentiary hearing was reset for August 30, 2018.

However, one day before the scheduled evidentiary hearing, on August 29, 2018, retained counsel filed an "Agreed Motion to Strike Evidentiary Hearing and Withdraw Motions." The reason given for this withdrawal was not, as one might expect, connected to any plea negotiations. Rather, counsel indicated that although he had previously represented to the Court that defendant intended to proceed with the pretrial motions, defense counsel no longer believed the motions were "meritorious." (Doc. 358). This was an astonishing development given that before agreeing to proceed with the evidentiary hearing in

- 4 -

Case: 4:16-cr-00380-CDP Doc. #: 387 Filed: 11/13/18 Page: 5 of 7 PageID #: 3087

June, counsel had requested and received multiple extensions presumably for the purpose of evaluating the merits of the pretrial motions.

On August 30, 2018, the Court held a hearing on the "Agreed Motion" to withdraw filed by retained counsel. Only Attorney Thompson appeared with Mr. Reno; Mr. Brindley did not attend. At the hearing on August 30th, Mr. Thompson reiterated on the record that the current defense team did not believe the motions are meritorious and did not believe that a hearing on the motions would benefit the defendant. However, Defendant Reno expressed surprise at the "Agreed Motion" to withdraw filed by his retained attorneys. He stated on the record that his retained attorneys had not been in contact with him before the hearing and he did not agree with the decision to withdraw the pending pretrial motions. Mr. Thompson confirmed that he, at least, had not been in contact with Mr. Reno. Despite having entered his appearance on Reno's behalf in April, Thompson stated he had only met Mr. Reno for the first time the morning of August 30th. Given the apparent lack of communication between defense counsel and the defendant, the undersigned denied the motion to withdraw Reno's pretrial motions, without prejudice, and directed defense counsel to confer with Reno and, if necessary, explain their reasons for withdrawing pretrial motions.

The Court rescheduled the evidentiary hearing for September 12, 2018, and directed defense counsel to notify the Court by no later than September 10, 2018, if defense counsel intended to reassert the motion to withdraw pretrial motions. Shortly after the hearing on August 30, 2018, the Court rescheduled the evidentiary hearing for September 18, 2018, due to a scheduling conflict with one or more government witnesses. The September 10th deadline came and went with no indication that defendant's pretrial motion would be withdrawn. As such, on September 18th Defendant Reno was present, in custody, and the United States was represented by Assistant United States Attorneys Edward Dowd and Sirena Wissler. Witnesses for the United States also appeared for the hearing, one who had driven from over two hours away. However, neither of Reno's retained attorneys of record—Beau Brindley and Michael Thompson—appeared.

- 5 -

Upon inquiry by the Court, Mr. Reno indicated that he and his family had unsuccessfully attempted to contact his retained attorneys. Mr. Reno further indicated that he had no contact with his counsel since his last appearance before this Court on August 30, 2018. AUSA Dowd also indicated that his office had made multiple attempts to contact counsel and counsel's office, without success. The Court also indicated its lack of success in reaching even a receptionist at the offices of defense counsel. Given the circumstances, as set out on the record in open court, Defendant stated that he believed he had been abandoned by his attorneys and requested that the Court appoint counsel to represent him in future proceedings. That request was granted in an order finding that Reno had been abandoned by Messrs. Brindley and Thompson and reappointing Mr. Newton to represent Reno. *See* Doc. 367.

After Mr. Newton's reappointment, the evidentiary hearing was rescheduled for October 3, 2018. Two days before the scheduled evidentiary hearing, on October 3, 2018, Mr. Newton filed a motion for leave to withdraw as appointed counsel so that Reno could proceed with his previously retained counsel (Brindley and Thompson). Citing a scheduling conflict for Brindley and Thompson, Newton's motion also sought a continuance of the evidentiary hearing set for October 5, 2018. (Doc. 375). The undersigned denied the motion in a written order entered on October 4th and held the evidentiary hearing as scheduled on October 5, 2018.[1]

It is against this backdrop of eleventh hour requests for continuances, tinny excuses, and periods during which Attorneys Brindley and Thompson have been incommunicado both with the Court and their own client, that the undersigned evaluates their conduct before this Court. In sum, I am holding Attorneys Brindley and Thompson in contempt of court pursuant to Title 28, United States Code, Section 636(e) because in delaying pretrial proceedings in this case for approximately six months, and in failing to appear for the evidentiary hearing scheduled on September 18, 2018, Attorneys Brindley and Thompson have

---

[1] The hearing proceeded subject to Reno's objection to proceeding without his retained counsel. However, for the reasons set out in the undersigned's order dated October 4, 2018 (Doc. 376), I found the objection was not well taken.

engaged in conduct that (1) is contemptuous of the authority of this Court and this Magistrate Judge and (2) constitutes misbehavior in my presence that has obstructed the administration of justice.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Title 28, United States Code, Section 636(e), Attorneys Beau B. Brindley and Michael Thompson are hereby found to be in **CONTEMPT OF COURT.**

**IT IS FURTHER ORDERED** that, as a penalty, Attorneys Brindley and Thompson must pay into the registry of the Court the equivalent of the mileage paid by the United States to its witness who traveled from Audrain County to attend the evidentiary hearing on September 18, 2018. The United States is directed to submit a sealed calculation of said mileage with disclosure limited to counsel for Mr. Reno by no later than **November 19, 2018**.

**IT IS FURTHER ORDERED** that, based on the record made in open Court at the time of the show cause hearing, the Clerk of Court is directed reinstate/reactivate Messrs. Brindley and Thompson as lead counsel of record for Defendant Reno to ensure they continue to receive notices in the case.

**IT IS FURTHER ORDERED** that, based on the record made in open Court, Attorney Talmage Newton's Motion to Withdraw as counsel of record (Doc. 375) is **GRANTED**, to the extent that Mr. Newton has requested to withdraw as lead counsel.

**IT IS HEREBY RECOMMENDED** that the Honorable Catherine D. Perry appoint CJA Attorney Talmage Newton to continue as stand-by counsel for Defendant Reno.

**IT IS FURTHER RECOMMENDED** that, as a further sanction for the conduct described in this Order, Judge Perry should require Attorneys Brindley and Thompson to pay into the registry of the court the equivalent of any fees incurred by Mr. Newton as stand-by counsel.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 13TH day of November, 2018.