UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT RENO, )<br>)<br>Defendant. ) | No. 4:16 CR 380 CDP-1 |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Reports and Recommendations and defendant Robert Reno's pretrial motions. All pretrial motions in this case were referred to United States Magistrate Judge Shirley P. Mensah under 28 U.S.C. § 636(b). She entered a Report and Recommendation on November 7, 2018, recommending that defendant's Motion to Suppress electronic Surveillance Evidence and his Motion to Suppress Evidence be denied. She entered an Order and Recommendation on November 13, 2018, recommending that attorney Talmage Newton continue as stand-by counsel in this case, and further recommending that as an additional sanction for their contempt of court, attorneys Beau Brindley and Michael Thompson pay into the registry of the court the equivalent of any fees incurred by attorney Newton as stand-by counsel.

No counsel has filed any objections to Judge Mensah's Reports and Recommendations, and their time for objecting has expired. I will therefore adopt the Reports and Recommendations. I will deny both motions to suppress. I will order that attorney Talmage Newton will remain as stand-by counsel in this case, and I will require that at the conclusion of this case attorneys Brindley and Thompson must pay into the registry of the court an amount equivalent to any fees and expenses paid to Mr. Newton under the Criminal Justice Act for services rendered or expenses incurred after the date of Judge Mensah's November 13, 2018 Order and Recommendation.

Attorney Newton, as stand-by counsel, must follow all developments in the case and must be prepared to step in to represent Reno if counsel Brindley and Thompson violate their ethical duties to do so by failing to appear for further proceedings in this case. The purpose of the stand-by appointment is to bring this matter to conclusion, so that gamesmanship or neglect by defendant's chosen retained counsel are not allowed to further delay this case. Stand-by counsel is not being appointed as an assistant to Brindley and Thompson, and so he will not be required to provide services or assistance to them if those lawyers do what they are supposed to do. He is not required to file documents if they miss filing

deadlines, but must be prepared to attend hearings and trial if they should fail to appear.

Accordingly,

**IT IS HEREBY ORDERED** that the Reports and Recommendations of United States Magistrate Judge Shirley P. Mensah [384, 387] are **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress Electronic Surveillance Evidence and his Motion to Suppress Evidence [317, 318] are denied.

**IT IS FURTHER ORDERED** that attorney Talmage Newton will remain as stand-by counsel in this case; at the conclusion of the case attorneys Brindley and Thompson must pay into the registry of the court an amount equivalent to any fees and expenses paid to Mr. Newton under the Criminal Justice Act for services rendered or expenses incurred after the date of Judge Mensah's November 13, 2018 Order and Recommendation.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2018.